ESOP KINNE, Appellant, *v.* THE CITY OF SYRACUSE, Respondent.

The legislature cannot change the boundaries of cities and towns, if, by so doing, the assembly district is altered contrary to the provisions of the Constitution.

Where it becomes important to change a boundary-line of a city or town, which divides an assembly district, the act should be so framed as to take effect at the next reorganization, etc.

The prohibitions of the Constitution extend and apply to all bodies having power to alter assembly districts.

*Charles Andrews*, for the appellant.

*A. B. Smith*, for the respondent.

SMITH, J. It is conceded that, by the operation of the ninth section of the act of 17th of April, 1858, the constitutionality of which is challenged by the defendant, a strip of land, about one mile wide and two miles long, containing two hundred and fifty inhabitants, of whom fifty were voters, was transferred from the second to the third assembly district in the county of Onondaga, as such districts were formed, by the board of supervisors of that county, in 1857. The question is, whether, by reason of such operation, that section is in violation of the injunction of the Constitution, that the assembly districts, formed pursuant to its provisions, "shall remain unaltered until another enumeration." (Art. III, § 5.)

The section is claimed by the appellant to be valid, upon two grounds: 1. That the alteration of the assembly districts was not the principal or direct object of the section, but was merely incidental to the act of changing the boundary-line between the city of Syracuse and the town of De Witt; and, 2. That the constitutional provision, referred to, is a prohibition upon the boards of supervisors only, and not a restriction upon the power of the legislature to alter the boundaries of towns and cities.

I am of opinion that neither of these grounds can be maintained.

*First:* The act altering the assembly districts is none the less repugnant to the Constitution because it also changes

the boundary-line of the city.    The general power of the
legislature to change the boundaries of cities and towns is
subject to the injunction that assembly districts shall not be
altered.    The injunction is expressed in broad and explicit
terms, admitting of no exception or evasion.    Assembly dis-
tricts shall "remain unaltered."    That which the Constitution
says shall remain unaltered, cannot be lawfully altered, either
directly or indirectly.    Any other construction would annul
the provision.    Its prime object undoubtedly was to prevent the
gerrymandering of assembly districts, from year to year,
for partisan or other mischievous purposes.    A similar object
led to the adoption of the provision in the preceding section,
that the senate districts should remain unaltered until the
return of another enumeration.    The object of each pro-
vision might be wholly defeated if the legislature were per-
mitted to change the boundaries of cities, towns and counties,
in such manner as to alter assembly and senatorial districts.
If it becomes desirable to change a boundary-line of a town
or city, which is also a dividing line between assembly dis-
tricts, the act adopted for the purpose should be so framed as
to take effect at the next reorganization of assembly districts,
or in some other mode consistent with the constitutional
injunction under consideration.

 *Second:* There is no merit in the position that the injunc-
tion is directed to boards of supervisors alone, and not to the
legislature.    As has been said, it is in the broadest terms.
It applies to all bodies having power to alter assembly dis-
tricts.    It directs that " the apportionment and districts so
to be made shall remain unaltered."    The apportionment
mentioned is to be the work of the legislature exclusively,
and, in that respect, it is clear that the mandate is addressed
to that body.

 But there is another consideration which is decisive of this
point.    The only power conferred upon boards of supervisors,
respecting assembly districts, is the power to form them, at
the time fixed in the Constitution, and to reorganize them
at such time as shall be prescribed by the legislature at its first
session after each decennial enumeration.    That duty being

performed, the authority of the board of supervisors over the subject is at an end till another enumeration. They have no power of alteration in the interim. That power resides in the legislature alone, and to that body, therefore, the injunction is directed.

The judgment should be affirmed.

Judgment affirmed.